**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: August 22 2016

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 15-32763 |
| | ) | |
| David William Loy, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 16-3016 |
| | ) | |
| David William Loy, | ) | Judge John P. Gustafson |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Federal Home Loan Mortgage Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OF DECISION AND ORDER GRANTING
### DEFENDANT'S MOTION TO DISMISS IN PART

This adversary proceeding is before the court on a Motion to Dismiss ("Motion") filed by Defendant Federal Home Loan Mortgage Corporation ("FHLMC") [Doc. # 4], Plaintiff's Objection to Defendant's Motion ("Objection") [Doc. # 11], and Defendant's Reply in support of the Motion ("Reply") [Doc. # 12]. Plaintiff is the Debtor in the underlying Chapter 13 case.

In his Complaint, Plaintiff alleges the following: 1) that a default judgment, the result of a foreclosure action filed by FHLMC against Plaintiff in state court, is not the type of judgment that would allow for the filing of a valid proof of claim by FHLMC in Plaintiff-Debtor's Chapter 13

case; 2) that Defendant's proof of claim filed in the underlying Chapter 13 case contains "duplicate and inconsistent amounts that causes the accuracy of the Defendant's entire proof of claim to be erroneous and inaccurate" [Doc. # 1, Complaint, ¶ 28]; and finally, 3) that Defendant has either failed or refused to provide to Plaintiff a proper accounting of the proceeds of a storm/wind casualty damage claim, and how the proceeds of said claim affect the mortgage balance owed by Plaintiff.[1]

Plaintiff seeks an order that proof of claim no. 2, filed by Defendant in Case No. 15-32763 [Claim No. 2-1] be disallowed in its entirety, or in the alternative, adjusted by amounts set forth in Counts 2 and 3 of the Complaint. He also requests that the court find that mortgage of Defendant be deemed paid and satisfied, and therefore, released of record. [*Id.* at p. 8].

FHLMC's Motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), which applies in this proceeding pursuant to Federal Rule of Bankruptcy Procedure 7012. In its Motion, with regards to Count One and a portion of Count Three, FHLMC argues that the court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine and res judicata and cannot overturn the state court's judgment. With regards to Count Two and the remainder of Count Three, FHLMC argues that the calculation of the amounts in its Claim is set forth in the "plain terms" of the Claim. Having considered FHLMC's Motion, Plaintiff's Objection, and FHLMC's Reply, for the reasons that follow, the court will grant the Motion to dismiss in part.

## BACKGROUND

Unless otherwise noted, the following facts are not in dispute. Plaintiff-Debtor executed a promissory note (the "Note") in the amount of $80,750.00, and to secure its repayment, he executed a mortgage against 9410 County Road 84, Findlay, Ohio, the address of Plaintiff's principal residence (the "Property"). The mortgage was with Wells Fargo Home Mortgage, Inc. ("Wells Fargo"), which was filed with the Hancock County, Ohio Recorder's Office on February 28, 2001. [Doc. # 1, Pl. Ex. A, pp. 9-24; *Id.,* Pl. Ex. C, pp. 34-37].

In March 2007, the Property suffered wind damage, and as set forth in FHLMC's Claim [Claim No. 2-1, p. 4], $7,799.68 of Plaintiff's insurance proceeds are being held in Restricted Escrow, which Defendant alleges is permitted according to the terms of Plaintiff's mortgage.

The mortgage with Wells Fargo was assigned to FHLMC on November 2, 2007, and the

---

[1]/Plaintiff's Complaint contains a "Count Four", but in Plaintiff's Objection to Defendant's Motion, Plaintiff agrees with the argument made by Defendant in its Motion regarding Count Four, and states that "Plaintiff is precluded from litigating the impact of [a class action settlement, which was the basis of Count Four] in this Court." [Doc. # 11, p. 6]. Therefore, this Memorandum of Decision will only address Counts One through Three of the Complaint.

assignment was filed with the Hancock County, Ohio Recorder's Office on November 19, 2007. [Doc. # 1, Pl. Ex. B, pp. 25-27].

On October 14, 2014, FHLMC filed a foreclosure complaint in the Hancock County Court of Common Pleas (or the "state court"), Case No. 2014 F509 [Doc. # 1, Pl. Ex. C, pp. 28-59], "seeking the balance due on the Note in the principal amount of $35, 808.56 plus interest, costs and other advances, and to foreclosure the Mortgage". [Doc. # 4, p. 3]. On January 26, 2015, FHLMC was granted by default a "Judgment and Decree in Foreclosure and for Equitable Lien" (the "Judgment") against the Plaintiff in the amount of $35,808.56, plus interest, costs and other advances. [Doc. # 1, Pl. Ex. D, pp. 60-67].

As part of the Judgment, the state court found that the Note was secured by the mortgage and ordered the mortgage to be foreclosed and the Property sold. [*Id.*]. The record before the court reflects that Plaintiff did not appeal the state court's decision.

Plaintiff, representing himself in the state court foreclosure action, filed an answer and a counterclaim to FHLMC's foreclosure complaint on February 5, 2015 [Doc. # 1, Pl. Ex. E, pp. 68-82], and in response, FHLMC filed a motion to dismiss or to strike the counterclaim as untimely. [Doc. # 1, Pl. Ex. F, pp. 83-95].

The state court granted FHLMC's motion to strike and dismissed the counterclaim [Doc. # 1, Pl. Ex. G, pp. 96-97], and on July 29, 2015, a notice of sheriff's sale of Plaintiff-Debtor's residential real estate was filed with the Hancock County Court of Common Pleas. [Doc. # 1, Pl. Ex. H, p. 98]. Before the sheriff's sale was to take place, Plaintiff filed his Chapter 13 bankruptcy petition [Case. No. 15-32763, Doc. # 1] on August 25, 2015. Six days later, the state court entered an order withdrawing Plaintiff's residential real estate from sheriff's sale. [Doc. # 1, Pl. Ex. I, p. 99].

FHLMC filed its Claim in Plaintiff-Debtor's Chapter 13 case on November 30, 2015. The claim asserts a principal amount due of $35,808.56, as determined by the foreclosure judgment, and it details the total amount due under the Note and the mortgage. [Claim No. 2-1].

Plaintiff alleges that: 1) the default judgment, which was the result of a foreclosure action filed by FHLMC against Plaintiff in state court, is not the type of judgment that would allow for the filing of a valid proof of claim by FHLMC in Plaintiff-Debtor's Chapter 13 case; 2) Defendant's proof of claim filed in the underlying Chapter 13 case contains "duplicate and inconsistent amounts that causes the accuracy of the Defendant's entire proof of claim to be erroneous and inaccurate" [Doc. # 1, Complaint, ¶ 28]; and finally, 3) Defendant has either failed or refused to provide to

3

16-03016-jpg    Doc 15    FILED 08/22/16    ENTERED 08/22/16 16:37:55    Page 3 of 11

Plaintiff a proper accounting of the proceeds of a storm/wind casualty damage claim, and how the proceeds of said claim affect the mortgage balance owed by Plaintiff.

The relief sought by Plaintiff includes a determination that "the mortgage balance as contained in the proof of claim no. 2 . . . in the amount of $49,122.55 be disallowed in its entirety, or adjusted by the amounts that Plaintiff is entitled to receive" as set forth in Counts Two and Three of the Complaint. [Doc. # 1, Complaint, p. 8]. Plaintiff further requests that the court find "the mortgage of Defendant [FHLMC] be deemed paid and satisfied and that said mortgage be released of record . . . ." [*Id.*]. In addition, Plaintiff asks for any other and further relief as the court may deem fair and equitable. [*Id.*].

In support of its Motion, FHLMC argues the following: 1) that this court lacks jurisdiction over some of the counts in the Complaint and cannot overturn the state court's judgment; 2) that the amount set forth in Claim 2-1 is accurate and properly calculated; and 3) because of the lack of jurisdiction and the accurate and properly calculated Claim, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

The court takes judicial notice of the state court "Judgment and Decree in Foreclosure and for Equitable Lien. *See,* Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008) (finding no error where, on a motion to dismiss, the district court took judicial notice of another court's opinion not for the truth of the matter recited therein, but for the existence of the opinion); *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010) (stating that a court may take judicial notice of other court proceedings without converting a motion to dismiss into one for summary judgment).

## LAW AND ANALYSIS

As indicated above, the grounds for FHLMC's Motion to dismiss include that the court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, that Plaintiff's claims are barred by res judicata, and that the amount of the Claim is accurate and properly calculated.

**A.** *Rooker-Feldman* **Doctrine and Res Judicata Under Rule 12(b)(1).**

"A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky,* 381 F.3d 511, 516 (6th Cir. 2004). In this case, FHLMC's assertion that the court lacks subject matter jurisdiction under the *Rooker-*

4

*Feldman* doctrine is a facial attack on Plaintiff's jurisdictional claim. *See Reguli v. Guffee*, 371 Fed. Appx. 590, 595 (6th Cir. 2010).

The principles set forth in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), have become known as the *Rooker-Feldman* doctrine. In each case, where the losing party in state court sought review and rejection of the state court judgment in federal district court based on claims that the judgment violated the loser's federal rights, the United States Supreme Court held that the federal district court lacked subject matter jurisdiction since authority to review a state court's judgment rests solely in the Supreme Court. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 291 (2005).

In *Exxon Mobil Corp.*, the Supreme Court clarified the scope of the *Rooker-Feldman* doctrine, holding that it "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. But, *Rooker-Feldman* does not preclude a district court from exercising subject-matter jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Id.* at 293. "If a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party ..., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.'" *Id.* (citation omitted).

In distinguishing between a claim that attacks a state court judgment, which is within the scope of the *Rooker-Feldman* doctrine, and an independent claim over which a district court may exercise jurisdiction, the Sixth Circuit explained that the inquiry should focus on the source of the injury the plaintiff alleges in the federal complaint. *McCormick v. Braverman*, 451 F.3d 382, 393-94 (6th Cir. 2006). "If the source of the injury is the state court decision, then the *Rooker–Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.* at 393. As the Sixth Circuit further explained, "the doctrine is confined to those cases exemplified by *Rooker* and *Feldman* themselves: when a plaintiff asserts before a federal district court that a state court judgment itself was unconstitutional or in violation of federal law." *Id.* at 395.

Under 28 U.S.C. § 1738, the federal full faith and credit statute, a federal court must accord a state court judgment the same preclusive effect the judgment would have in state court. *Corzin*

5

*v. Fordu (In re Fordu),* 201 F.3d 693, 703 (6th Cir. 1999). Under Ohio law, a claim is barred by the doctrine of res judicata if the following elements are present: "(1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action." *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 123 (2006).

In *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 77 n.1, 79 L. Ed. 2d 56, 104 S. Ct. 892 (1984), the United States Supreme Court expressed its preference for usage of the terms "issue preclusion" and "claim preclusion" to refer to the preclusive effect of a judgment in foreclosing future litigation, rather than the more common terms of "collateral estoppel" and "res judicata." The case at hand deals with a state law default judgment. Ohio uses the term "res judicata" and views the term somewhat differently. *See, In re Application of Ohio Power Co.,* 144 Ohio St. 3d 1, 6, 40 N.E.3d 1060, 1066 (2015); *Brooks v. Kelly*, 144 Ohio St. 3d 322, 323, 43 N.E. 3d 385, 387 (2015).

Here, Defendant argues that Counts One and Three fail for lack of jurisdiction (*Rooker-Feldman* to Count One) and are barred by res judicata (Count Three). Plaintiff, in his Objection, attacks the validity of the of the state court's foreclosure judgment and argues that FHLMC's handling of the insurance proceeds did not arise from the "same transaction" as the Mortgage, which would prevent the application of res judicata.

A party seeking to invoke the *Rooker-Feldman* doctrine, as Defendant does here, must prove the following elements: (1) a state court "loser", (2) initiated an action in federal court, (3) complaining of an injury caused by the state court judgment; and (4) asking the federal court to reject the state court judgment. *In re Leigh,* 2013 WL 1787964, at *3, 2013 Bankr. LEXIS 1730 at **8-9 (Bankr. N.D. Ohio Apr. 26, 2013).

The four elements of the *Rooker-Feldman* doctrine are easily satisfied as it pertains to Count One of Plaintiff's Complaint. First, Plaintiff is the state court "loser" in the foreclosure judgment. Second, he has initiated this adversary action currently before this court. Third, he is complaining of an injury, the $35,808.56 judgment granted in favor of Defendant in the state court action. Fourth, by requesting that the court find the default judgment to be of a type not entitled to enforcement, Plaintiff is asking this court to reject the state court judgment. Although the state court

judgment was granted by default, "under the *Rooker Feldman* doctrine, a bankruptcy court may not review and redetermine the merits of a debt or set aside [a] default judgment reflecting it. . . ." *In re Sweeney*, 276 B.R. 186, 195 (6th Cir. BAP 2002); *see also, In re Spencer*, 532 B.R. 303 (Bankr. W.D. Wis. 2015); *In re Ramco-Remodel America Corp.*, 536 B.R. 213 (W.D. Tenn. 2015).

As this court finds that the *Rooker-Feldman* doctrine applies to Count One of Plaintiff's Complaint, the court will grant Defendant's Motion as to the count, as the doctrine precludes this court from exercising subject matter jurisdiction over Count One.

This court will also dismiss Count Three of the Complaint, based upon "claim preclusion, or the doctrine of judicata. In Ohio, a claim is barred by res judicata if the following elements are established: 1) a final decision was rendered in the first action on the merits by a court of competent jurisdiction; 2) the second action involved the same parties or their privies as the first; 3) the second action raises issues actually litigated or which should have been litigated in the first action; and 4) there is an identity of the causes of action. *JPMorgan Chase Bank, N.A. v. Winget*, 602 Fed. Appx. 246 (6th Cir. 2015)(*citing, Browing v. Levy,* 283 F.3d 761, 771 (6th Cir. 2002)(citation and quotation marks omitted)); *Grava v. Parkman Twp.,* 73 Ohio St. 3d 379, 381-82, 653 N.E.2d 226, 228-29 (1995).

Ohio law provides for a court to apply res judicata to a default judgment, if all the criteria have been established. *See, In re Wendt,* 304 B.R. 779 (Bankr. N.D. Ohio 2004); *Broadway Mgmt. v. Godale*, 55 Ohio App.2d 49, 378 N.E.2d 1072 (1977). Further, federal courts may give default judgments preclusive effect where the res judicata elements are present. *See, e.g., McCart v. Jordana (In re McCart)*, 232 B.R. 469, 476 (10th Cir. BAP 1999).

Res judicata elements one and two are clearly satisfied in the case at bar. It is well-settled law in the state of Ohio that a default judgment carries the weight of a final decision on the merits, and it is a judgment that may serve to bar later claims. *See, Frazier v. Matrix Acquisitions, LLC,* 873 F.Supp.2d 897, 901 (N.D. Ohio 2012); *In re Henkel*, 490 B.R. 759 (Bankr. S.D. Ohio 2013). The default judgment entered by the state court was not vacated, reversed, or set aside, as it was never appealed by Plaintiff. Accordingly, it is a final, non-appealable order, meaning that element one has been met. And, as the prior action and the current action involve the same parties, element two is also met.

The third element of res judicata looks at whether the later action raises claims that were or could have been litigated in the first action. "The scope of claims covered by this prong is quite

broad, [extending] not only [to] relitigation of a claim previously adjudicated; [but also to litigation of] a claim *or defense* that should have been raised, but was not, in the prior suit." *Frazier*, 873 F.Supp.2d at 902 (internal citations, quotation marks and alterations omitted)(emphasis in original). Defendant argues that Plaintiff's Count Three, regarding FHLMC's handling of the insurance proceeds, should have been brought up as a compulsory counterclaim in the state court action. In contrast, Plaintiff argues that the insurance proceeds arose out of a separate occurrence, and the counterclaim was not compulsory at that time.

In Ohio, a litigant must plead as a compulsory counterclaim any claim that arises out of the same "transaction or occurrence that is the subject matter of the opposing party's claim." Ohio R. Civ. P. 13(A). To decide whether a counterclaim arose from the same transaction or occurrence as the opposing party's claim, courts typically consider whether the claims involve a "common nucleus of operative facts" or have the same legal issues such that there is a "logical relationship" between the claims. *Astar Abatement, Inc. v. Cincinnati City Sch. Dist. Bd. of Educ.*, 2012 WL 481799, at *6, 2012 U.S. Dist. LEXIS 18422, at *18 (S.D. Ohio Feb. 14, 2012).

Failure to assert a compulsory counterclaim in the previous action bars the litigant from asserting such claim in subsequent litigation based on the doctrine of claim preclusion. *Id.* This same principle applies to actions wherein a default judgment was entered against the party (here, Plaintiff) seeking to raise the claim that should have been raised in the previous litigation. *Id.* (*citing, Broadway Management, Inc. v. Godale*, 55 Ohio App.2d 49, 378 N.E.2d 1072 (1977)).

Defendant's handling of the insurance proceeds that Plaintiff raises in Count Three of the Complaint in this adversary proceeding directly relates to the Mortgage, which was the subject of the state court foreclosure action. The Mortgage states that in the event of loss, during the repair and restoration period of the property,

> . . . Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such property to ensure the work has been completed to Lender's satisfaction . . . If the restoration or repair is not economically feasible or Lender's security would be lessened, the Insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due . . . .

[Doc. # 1, Pl. Ex. A, p. 14, ¶ 5].

As the record stands before the court at this time, FHLMC's treatment of the insurance proceeds was based upon rights and responsibilities that were set forth in the Mortgage. There is a logical relationship between Plaintiff's Count Three and the claims that were asserted by FHLMC

8

in the state court action, because they involved factually-related and legally-related issues. Thus, it appears that Plaintiff's Count Three qualifies as a compulsory counterclaim, which should have been raised in the state court action. For these reasons, Defendant has established the third element of res judicata.

Finally, the fourth element requires that this adversary proceeding arise out of the same transaction or occurrence that was the subject matter of the state court proceeding. This proceeding and the state court foreclosure action relate to the parties' transactions arising out of the Mortgage. Therefore, all four elements of res judicata have been met, and the court will dismiss Count Three of Plaintiff's Complaint based upon claim preclusion/res judicata.

**B. Rule 12(b)(6)**

FHLMC also brings its motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss, "the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint 'contains enough facts to state a claim to relief that is plausible on its face.'" *United States v. Ford Motor Co.*, 532 F.3d 496, 502 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)). Although typically courts may not consider matters beyond the complaint in determining a Rule 12(b)(6) motion, as stated above, the court may take judicial notice of another court's opinion without converting the motion into one for summary judgment. *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010) (citing *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008)).

In Count Two, Plaintiff alleges that Defendant's Claim in the Chapter 13 case contains duplicate and/or unexplained costs [Doc. # 1, Complaint, ¶¶ 21-28], and in a portion of Count Three, he alleges that FHLMC's Claim fails to apply or to account for the insurance proceeds. [*Id.* at ¶¶ 37-39]. In response, Defendant contends that both of these insurance proceeds' counts "ignore the terms of the FHLMC Claim" which serves as the basis for which the counts were brought. [Doc. # 4, p. 9]. Defendant moves to dismiss Counts Two and Three, as they pertain the Claim filed in the Chapter 13 case, for failure of the Plaintiff to state a claim upon which relief can be granted.

In his Objection, Plaintiff notes that the Proof of Claim contains a claim for thirty installment payments totaling $24,564.80, which he states is the amount of the full monthly payments Plaintiff owed Defendant. [Doc. # 11, p. 4]. But, as Plaintiff stated in the Complaint, Part One of the Claim contains a claim for unpaid interest in the amount of $7,012.91 [Doc. # 1, Complaint, ¶ 22], for the

period that is "essentially the same time frame as the monthly installment claims reflected under the Amount of Installment Payments due." [Doc. # 11, p. 4]. It is this $7,012.91 amount that Plaintiff argues is a duplicate amount to the claim reflected under the amount of installment payments due.

The total amount of FHLMC's claim is $49,122.55, whereas the state court judgment was for $35,808.56. [Doc. # 1, Pl. Ex. D, p. 62]. The state court judgment states:

> The Court finds that the allegations contained in the Complaint are true and that there is due and owing to the plaintiff, from the defendant, David W. Loy, upon the subject Note the principal balance of $35,808.56, for which judgment is hereby rendered in favor of the plaintiff, with interest at the rate of 7.6250 percent per annum from February 1, 2013, and as may be adjusted pursuant to the terms of the note, together with advances for taxes, insurance and otherwise expended, plus costs.

[*Id.* at pp. 62-63].

Part 3 of Defendant's Claim [Claim No. 2-1, p. 4] clearly states that the total pre-petition secured claim amount is $49,122.55. That amount is derived from the principal amount of $35,808.56, accrued interest (which was provided for in the state court judgment) of $7,012.91, pre-petition fees and charges of $1,190.32, and the escrow shortage of $5,110.76. Part 3 of FHLMC's Claim also sets forth the arrearage to be paid through a plan, $24,564.80, which consists of pre-petition unpaid monthly installments. This amount is not added to the $49,122.55 amount. The amount necessary for Plaintiff to cure through a Chapter 13 plan is a separate concept. 11 U.S.C. § 1322(b). And while the court does not find any duplicate charges or mathematical errors in the calculations of the Claim, it does find that ruling on the title costs under Rule 12(b)(6) would not be appropriate.

Part 3 of Defendant's Claim also contains an asterisk beside the total pre-petition secured claim amount. That asterisk notes that "*The claim is subject to the amount of $7,799.68 being held in Restricted Escrow." [*Id.*]. This line being included in the Claim does not show a failure to apply the unpaid portion of the insurance proceeds to any remaining mortgage balance owed by the Plaintiff, nor does it show that Defendant has failed or refused to apply the insurance proceeds to Defendant's proof of claim, as Plaintiff suggests in Count Three of the Complaint. [Doc. # 1, Complaint, ¶¶ 37-38]. Defendant is holding the insurance proceeds as was provided for in the Mortgage. If Defendant's retention of those funds in Restricted Escrow from 2007 to 2015 was improper, in Plaintiff's view, that is an issue that should have been raised and litigated in the state court action. It was not. Accordingly, litigation of that issue here is barred by claim preclusion/res judicata.

As Plaintiff and Defendant have agreed that Plaintiff is precluded from litigating Count Four in this court, the court will grant Defendant's Motion to Dismiss with respect to Counts One, Three, and Four. A further pretrial conference on Count Two and the remaining issue of title costs will be scheduled in a separate order.

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Defendant's Motion to Dismiss [Doc. # 4] be, and hereby is, **GRANTED IN PART** as to Counts One, Three, and Four of the Complaint, **AND DENIED IN PART** as to Count Two and the issue of title costs only.

###